**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHRISTOPHER WAYNE WALTERS, #85066**                        **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:16CV879-LRA**

**WARDEN CORNELIUS TURNER, ET AL**                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Defendant Doctor Manuel Ong ("Dr. Ong" or "Defendant Ong") filed a Motion to Dismiss [24] which is before the Court for consideration. The motion was filed before the omnibus hearing was conducted on July 18, 2017, and the Court has considered the motion on the pleadings but also as supplemented by Plaintiff's sworn testimony at the hearing [43].

Accordingly, the motion to dismiss filed under Federal Rule 12(b)(6) is now converted to a summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears

the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

According to Plaintiff Walters's pleadings and testimony, on or about July 4, 2016, he hurt his hand while playing volleyball at the Leake County Correctional Facility [LCCF] in Carthage, Mississippi. He saw the nurse that day, as Dr. Ong was not there. The nurse gave him Ibuprofen and an ice pack and made him an appointment on the following Tuesday, the day of the week when Dr. Ong sees patients at LCCF. Dr. Ong treated him the following Tuesday and gave him a prescription for Ibuprofen. Dr. Ong told him his hand was like a sprained ankle and that it would heal in a few weeks. Walters saw Dr. Ong two or three more times, but his hand never healed. He still has trouble with it. Plaintiff charges that Dr. Ong would not help him get further treatment. However, he was later transferred to the Central Mississippi Correctional Facility 720 medical unit, and was treated by Dr. Sutton. Dr. Sutton told him that x-rays confirmed he had a torn ligament and that he may need to have surgery. He will be sent to a specialist.

The Court has carefully considered the facts as alleged by Plaintiff in conjunction with the applicable law regarding the medical care that Dr. Ong is required to provide an inmate in custody. Plaintiff is reminded that his rights under the United States Constitution are not violated simply because Dr. Ong may not have provided the "correct" medical care or the care Plaintiff wished to be provided. It would not be enough even if Dr. Ong has been

negligent or inattentive. Although actionable as a tort under common law, medical malpractice or negligence does not create a constitutional claim.

Based upon a review of Plaintiff's claims and the applicable law, the Court finds that Defendant Dr. Ong's motion to dismiss must be granted. Walters simply disagreed with Dr. Ong's treatment, and his injury may have been more serious than it initially presented. This Court cannot interfere with the medical personnel's diagnoses or judgment or with the decisions he or she makes relating to the appropriate treatment given an inmate.

The Eighth Amendment does prohibit conduct which evinces deliberate indifference to a serious medical need by its ban on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). To prove deliberate indifference, Plaintiff must allege that Dr. Ong "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (internal quotation marks and citation omitted). Walters's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat. Walters was not pleased with the treatment, and the treatment may not have been successful. However, his testimony confirms that his hand was treated by Dr. Ong and other medical personnel at LCCF on several occasions, and upon his request. Walters confirmed through his testimony that he received Ibuprofen on several occasions. He was also transferred to the medical unit at CMCF for further treatment, although he complains that Dr. Ong would not send him there

initially. At CMCF, he had x-rays, the "proper medication," and is going to be sent to a specialist.

The underlying facts of a deliberate indifference claim "must clearly evince the serious medical need in question and the alleged official dereliction. A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Lewis v. Evans*, 440 F. App'x 263, 264 (5th Cir. 2011) (per curiam) (internal quotation marks and citations omitted). Plaintiff's hand injury was treated by Dr. Ong in a manner which is probably the normal practice for such an injury, an ice pack and Ibupropen. X-rays were not taken until later, when the hand had not fully healed on its own. A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. *Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975).

A prisoner is not entitled to his *choice* of treatments. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). The fact that a plaintiff was not satisfied with his care does not confirm that his constitutional rights were violated. "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement. *Estelle*, 429 U.S. at 107; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Walters has not articulated any exceptional circumstances which would make his claims constitutional in nature. His own explanation of his claims

4

against Dr. Ong rebut a finding of deliberate indifference. *Id.* Dr. Ong may have failed to diagnose a torn ligament in Walters's hand. This failure may or may not constitute negligence or medical malpractice. Plaintiff used the term "negligence" in describing Defendants' actions [28, p. 2], but 42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 414 U.S. 344 (1986).

Under the circumstances of this case, as evidenced by Walters's testimony, the Court finds that Defendant Dr. Ong is entitled to a judgment at law. Plaintiff has not stated facts which would allow the Court to find that Dr. Ong was deliberately indifferent to his serious medical needs; no constitutional violation has been set forth.

The remaining Defendants have filed a separate Motion for Summary Judgment based upon Plaintiff's alleged failure to exhaust his administrative remedies prior to filing this lawsuit. That motion shall be considered by separate Order.

IT IS, THEREFORE, ORDERED that Defendant Dr. Ong's Motion to Dismiss [24] is **granted**, and the Complaint is dismissed with prejudice as to Dr. Ong. A Final Judgment in his favor shall be entered at the conclusion of this case.

SO ORDERED, this the 25th day of September 2017.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE